IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CHRIS GONZALEZ-MARTINEZ**,

      Petitioner,

  v.

**MARK NOOTH**,

      Respondent.

Case No. 2:14-cv-01556-ST

**OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATION**

**Michael H. Simon, District Judge.**

      United States Magistrate Judge Janice M. Stewart issued Findings and Recommendation ("F&R") in this case on December 14, 2015. Dkt. 41. Judge Stewart recommended that the Court grant Respondent's Motion to Dismiss (Dkt. 18) and dismiss without prejudice Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Dkt. 2). Respondent argues that the Court should adopt the F&R because it correctly concludes that Petitioner has failed to exhaust his remedies in state court. Petitioner argues that the Court should not require him to exhaust his remedies in state court because "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(a)(B)(ii). According to Petitioner, these circumstances include "unreasonable and excessive delays" in Oregon appellate

PAGE 1 – OPINION AND ORDER

courts and Petitioner's denial of "adequate medical care" during the litigation of his multiple state habeas cases. Dkt. 34 at 4.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Petitioner timely filed objections to the F&R (Dkt. 41) and attached an exhibit (Exhibit 107, purportedly the ruling of the Oregon Court of Appeals in Petitioner's case), to which Respondent responded (Dkt. 43). On January 8, 2016, Petitioner filed a supplemental exhibit (Exhibit 108, Dkt. 47) with the Court, and on January 13, 2016, Respondent objected to the Court considering Exhibit 108 in the Court's review of the F&R and the rest of the record

PAGE 2 – OPINION AND ORDER

(Dkt. 48). Petitioner then filed a correction to his objections, noting that Exhibit 107 related to a post-conviction appeal from other charges. As of January 29, 2016, his appeal in the case before this Court was still pending before the Oregon Court of Appeals.

Petitioner objects to the F&R in its entirety, arguing that the F&R improperly looked only to the length of the delay arising from the post-conviction process and not to the delays that occurred during the direct appeal process. Petitioner further argues that the F&R improperly concludes that any denial of medical care is irrelevant to determining whether Oregon's delay in adjudicating Petitioner's claim satisfies the § 2254(b)(1)(B)(ii) exception to the exhaustion requirement. In its response to Petitioner's objections, Respondent argues that none of the circumstances described by Petitioner render the state process "ineffective to protect" Petitioner's rights. The Court reviews *de novo* the F&R and adopts it as supplemented below.

## DISCUSSION

The Ninth Circuit has followed the First and Fifth Circuits in "conclud[ing] that a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). The Ninth Circuit has emphasized, however, that when a court decides "whether to consider newly offered evidence, the district court must actually exercise its discretion, rather than summarily accepting or denying the motion." *Id.* at 622.

Here, Exhibit 107, originally attached to Petitioner's objections, does not relate to the case. The Court therefore does not consider it. The other supplemental exhibit, Exhibit 108, is a thorough, 55-page forensic psychiatric evaluation of Petitioner. Dr. Soroush Mohandessi, M.D., performed the evaluation and concluded that Snake River Correctional Institution and the mental health staff involved in Petitioner's case have failed to provide Petitioner with appropriate medical treatment for his psychiatric condition. The report is dated February 20, 2014, and

PAGE 3 – OPINION AND ORDER

Petitioner could have filed the report at an earlier stage of these proceedings. Respondent, however, did not expressly challenge Petitioner's description of his mental health condition until Respondent's sur-reply. Dkt 38 at 4 ("[T]here is nothing in the record to indicate that [Petitioner's] health conditions are worsening because of the duration of his state-court litigation."). Petitioner offers Dr. Mohandessi's report in response to Respondent's argument that his mental health condition is stable and irrelevant. Dr. Mohandessi's report contains serious allegations and a detailed assessment of Petitioner, and the Court exercises its discretion to consider the newly offered evidence in Exhibit 108.

As Judge Stewart noted, a claim of excessive delay can excuse the exhaustion requirement. Courts examine four factors when evaluating claims of excessive delay: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Coe v. Thurman*, 922 F.2d 528, 531 (9th Cir. 1990) (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)) (quotation marks omitted). "[N]one of the four factors" is regarded "as either a necessary or sufficient condition to the finding of a deprivation of the right of a speedy trial [or appellate review]. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* at 532 (quoting *Barker*, 407 U.S. at 533).

Petitioner argues that Exhibit 108 shows that deprivation of medical care has significantly impaired his ability to litigate his post-conviction case in a competent manner. According to Petitioner, without treatment for his mental health disorders, he has been unable fully to cooperate with his counsel and the courts. To determine prejudice in appellate delay cases, courts look "to the following: 1) oppressive incarceration pending appeal; 2) anxiety and concern of the convicted party awaiting the outcome of the appeal; and 3) impairment of the convicted person's

grounds for appeal or of the viability of his defense in case of retrial." *Id.* at 532. Incarceration is not oppressive if the "appeal is meritless." *United States v. Tucker*, 8 F.3d 673, 676 (9th Cir. 1993). The anxiety and concern must be "greater than any other prisoner appealing his or her conviction." *United States v. Mohawk*, 20 F.3d 1480, 1486 (9th Cir. 1994). Finally, in assessing impairment of the convicted person's grounds for appeal, the Ninth Circuit looks to whether the passage of time "will make it more difficult for petitioner to refresh the memory of witnesses or locate new exculpatory evidence." *Coe*, 922 F.2d at 532 (quoting *Wheeler v. Kelly*, 639 F. Supp. 1374, 1381 (E.D.N.Y. 1986), *aff'd*, 811 F.2d 133 (2d Cir. 1987)). Any impairment to a petitioner's defense is the "most important interest" to consider in assessing prejudice. *Wheeler*, 639 F. Supp. at 1381.

Prolonged denial of mental health treatment could impair Petitioner's ability to locate exculpatory evidence, particularly in light of Dr. Mohandessi's conclusion that Petitioner suffers from Schizoaffective Disorder, Anxiety Disorder Not Otherwise Specified, Borderline Intellectual Functioning, and Personality Disorder Not Otherwise Specified. Dkt. 47 at 55-56. Additionally, inadequate medical treatment of the kind alleged by Petitioner[1] could result in anxiety and concern that exceed what other prisoners might experience while awaiting the outcome of an appeal. The record does not, at this time, contain enough evidence for the Court to determine whether Petitioner's appeal is meritless. Weighing these considerations, the Court finds that Exhibit 108 presents evidence that Petitioner is uniquely predisposed to suffer prejudice during incarceration and has "distinguish[ed] himself" from other prisoners awaiting appeals. *Mohawk*, 20 F.3d at 1486. Without deciding whether Petitioner has in fact suffered a

---

[1] Dr. Mohandessi states that Petitioner has had his access to mental health prescribers and medications restricted since October 2010. Dkt. 47 at 52.

denial of his Eighth Amendment rights, the Court concludes that Petitioner has shown at least some prejudice caused by delay of state court proceedings.

The Court thus turns to the first three factors: length of delay, the reason for the delay, and the defendant's assertion of his right. The Court looks first to the length of delay. Unlike in *Coe*, Petitioner has already completed the direct appeal process in state court. This took two and a half years, not the almost four years that the Ninth Circuit estimated the direct appeal in *Coe* would take, 922 F.2d at 531, nor the fifteen years after conviction that the Ninth Circuit deemed unreasonable in *Phillips v. Vasquez*, 56 F.3d 1030, 1035 (9th Cir. 1995). Petitioner estimates that his post-conviction appeal will take at least two and half years. An appeal process that takes a total of five years might, in some circumstances, constitute undue delay, but turning to the second factor, the Court finds that Petitioner is responsible for much of this delay.

A court in this district already considered Petitioner's habeas challenge to the convictions at issue here and noted that "it appears the delays in the PCR proceeding are directly attributable to Petitioner's own actions; the premature filing of his *pro se* [post-conviction relief ("PCR")] petition and the filing of multiple PCR petitions in multiple courts." *Gonzalez-Aguilera v. Franke*, 2013 WL 2149620, at *3 (D. Or. May 14, 2013).[2] During Petitioner's PCR appeal, Petitioner sought multiple extensions of time to file his opening brief. Petitioner filed the first request for an extension on June 10, 2014. Petitioner did not file his opening brief until January 27, 2015. He then withdrew the brief and filed an amended brief on June 17, 2015, almost a year after his first request for an extension. The State filed its answering brief about ten weeks later. Dkt. 38-1 at 2. The second factor weighs against Petitioner, although Petitioner has satisfied the third factor by asserting his right to a timely appeal.

---

[2] Petitioner has used the name "Christopher Michael Gonzalez-Aguilera" in other proceedings. *See* Dkt. 2 at 1.

PAGE 6 – OPINION AND ORDER

Affirmative actions of Petitioner caused too much of the delay here. On this record, any undue delay cannot be attributed to ineffective state process. The Court therefore cannot conclude, as it must in order to excuse the exhaustion requirement, that the state "corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). As in *Westfall v. Lampert*, despite a showing of prejudice, "the balance of these four factors does not support [Petitioner's] claim of unconstitutionally excessive delay." 42 F. App'x 19, 21 (9th Cir. 2002).

Further, Petitioner has another remedy for any possible violations of his Eighth Amendment rights: he may bring a civil rights case against those allegedly responsible. Any inadequate-medical-care claims are more appropriately brought in a 42 U.S.C. § 1983 action rather than a habeas action. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. A civil rights action, in contrast, is the proper method of challenging 'conditions of . . . confinement.'" (citation omitted) (alteration in original)).

## CONCLUSION

Respondent's Motion to Dismiss (Dkt. 18) is granted and the Petition for Writ of Habeas Corpus (Dkt. 2) is dismissed without prejudice to Petitioner's right to refile it after he exhausts his remedies in state court. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 5th day of February, 2016.

/s/ Michael H. Simon  
Michael H. Simon  
United States District Judge